UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE OPERATING ENGINEERS
LOCAL 324 PENSION FUND,

      Plaintiffs,

Case No.:
Hon.

v.

MORGAN THOMAS, LLC

      Defendant.
_____/

**DAVID J. SELWOCKI P51375**
**MATTHEW I. HENZI  P57334**
**BLAINE A. VELDHUIS P78840**
Sullivan, Ward, Asher & Patton, P.C.
Attorneys for Plaintiffs
25800 Northwestern Hwy., Suite 1000
Southfield, MI 48075
248.746.0700
jnicholson@swappc.com
_____/

## COMPLAINT FOR WITHDRAWAL LIABILITY

**NOW COME** the Trustees of the OPERATING ENGINEERS LOCAL 324 PENSION FUND, by and through their attorneys, SULLIVAN, WARD, ASHER & PATTON, P.C., and for their Complaint for Withdrawal Liability against Defendant, MORGAN THOMAS, LLC. state as follows:

1. Plaintiffs are the Trustees of the OPERATING ENGINEERS' LOCAL 324 PENSION FUND, (hereinafter referred to as the "FUND").  The

Fund is a Trust Fund established under and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC §186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC §1001 <u>et seq</u>., with administrative offices in the Township of Bloomfield, Oakland County, Michigan.

2.     Defendant, MORGAN THOMAS, LCC (hereinafter "MORGAN THOMAS"), was at all relevant times a Michigan corporation.

3.     MICHIGAN GYPSUM CO. is a Michigan corporation that is, upon information and belief, no longer doing business and which had principal offices in the State of Michigan.

4.     The FUND is administered by a joint board of trustees, the Plaintiffs, pursuant to the terms and provisions of its Agreement and Declaration of Trust. The FUND was established pursuant to the Collective Bargaining Agreement entered into between the Operating Engineers' Local 324 Union and certain employers and employer associations, whose members employ members of the Union, and the Fund is required to be administered and maintained in accordance with the provisions of the LMRA, ERISA, and other applicable state and federal statutes.

5. The FUND is a third-party beneficiary to the Collective Bargaining Agreement between MICHIGAN GYPSUM CO. and the Operating Engineers' Local 324 Union.

6. Pursuant to the terms and provisions of the Collective Bargaining Agreement between MICHIGAN GYPSUM CO. and the Union, MICHIGAN GYPSUM CO. agreed to pay, in addition to wages, employee fringe benefit contributions to the FUND for each employee employed by MICHIGAN GYPSUM CO. and covered by the Agreement.

7. Beginning on or about January, 2015 MICHIGAN GYPSUM CO. completely withdrew from the FUND as set forth in 29 USC §1383.

8. Based on MICHIGAN GYPSUM CO.'s cessation of contributions to the FUND, it incurred withdrawal liability in the amount of $1,963,573.00, plus statutory interest.

9. This is an action for the collection of a judgment that is the result of delinquent withdrawal liability pursuant to 29 USC §1451 and 29 USC §1145. Jurisdiction and venue are proper in this Court pursuant to 29 USC §1451 and 29 USC §1132. Further, this Court has further jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer.

10. Pursuant to 29 USC §1381, when an Employer that is signatory to a Collective bargaining agreement ceases to have an obligation to contribute to the Pension Fund, withdrawal liability is assessed.

11. In accordance with 29 USC §1301 and the regulations thereunder (29 CFR §4203.2 and 29 CFR §4001.2) Employer means all trades or businesses (whether or not incorporated) that are under common control, within the meaning of 29 CFR §4001.3.

12. In accordance with 29 CFR §4001.3, trades and businesses are under common control if they are "two or more trades or businesses under common control" as defined in the regulations under section 414(c) of the internal revenue code and all employees of trades or businesses which are under common control shall be treated as employed by a single employer, and all such trades and businesses shall be treated as a single employer.

13. As a group under common control, each trade or business would possess joint and several liability for withdrawal liability.

14. At all relevant times, MORGAN THOMAS was a trade or business that leased equipment to MICHIGAN GYPSUM CO.

15. At all relevant times, upon information and belief, Mr. Thomas D. Webber, an individual, and his two minor children had a controlling ownership interest in MICHIGAN GYPSUM CO.

16. At all relevant times, upon information and belief, Mr. Thomas D. Webber and his two minor children had a controlling ownership interest in MORGAN THOMAS.

17. At all relevant times, upon information and belief, Mr. Thomas D. Webber and his two minor children were in effective control of MICHIGAN GYPSUM CO. and MORGAN THOMAS.

18. In accordance with 29 USC §1301 and the regulations prescribed under 26 USC §414(c), at all relevant times, MORGAN THOMAS and MICHIGAN GYPSUM CO. were under common control and therefore considered a single employer by virtue of the common ownership and control of the entities, among other things.

19. As a group under common control, MORGAN THOMAS is liable for the withdrawal liability assessment against MICHIGAN GYPSUM CO.

20. Despite the requirements of federal law and the demands made by Plaintiff, MORGAN THOMAS has failed and/or refused to pay the assessment.

21. Pursuant to 29 USC §1451 the failure to pay withdrawal liability as required is to be treated in the same manner as failure to make ongoing contribution payments within the meaning of 29 USC §1145.

22. Pursuant to 29 USC §1132(g)(2), all Judgments obtained pursuant to 29 USC §1145 are mandated to include not only the unpaid contributions, but attorney fees, costs, liquidated damages and interest on the withdrawal liability.

23. On June 15, 2016 an Order of Judgement for withdrawal liability against MICHIGAN GYPSUM CO. was entered by the Honorable Terrence G. Berg of the United States District Court Eastern District of Michigan, in the sum of $2,257.983.99 [Case No. 4:16-cv-10248-TGB-MKM, Doc. No 12], representing:

   a. Withdrawal liability in the amount of $1,963,573.00;

   b. Interest on unpaid contributions in the amount of $116,289.90;

   c. Liquidated damages in the amount of $176,536.09; and

   d. Attorney fees, audit costs, and costs of collection in the amount of &1,585.00.

24. Judgment should be entered against MORGAN THOMAS, LLC for the withdrawal liability assessment against MICHIGAN GYPSUM CO. plus the mandates of 29 USC §1132(g)(2) as forth in the Judgment against MICHIGAN GYPSUM CO. referenced herein because MICHIGAN GYPSUM CO. and Defendant MORGAN THOMAS are a single employer under ERISA and under common control.

**WHEREFORE**, Plaintiff respectfully requests that a Judgment be entered against the Defendant and to include the following:

A. Withdrawal liability in the amount of $1,963,573.00, plus all accrued interest pursuant to 29 USC §1399(e)(5);

B. Judgment shall include the mandates of 29 USC §1132(g)(2) which include interest, liquidated damages, costs, and attorney fees, upon further submissions to the Court;

C. This Honorable Court maintain jurisdiction of this matter pending compliance with the Court's Orders;

D. Any such other, further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

s/David Selwocki
Sullivan, Ward, Asher & Patton, P.C.
Attorney for Plaintiff
25800 Northwestern Hwy., Suite 1000
Southfield, MI  48075
248.746.0700
P51375
jnicholson@swappc.com

Dated: August 23, 2016

W1864567.DOC

7